# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 2:07CR130-PPS** |
| | ) | |
| **RONALD L. JOHNSON, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Acting *pro se*, defendant Ronald L. Johnson, Jr. has filed a motion for the appointment of counsel to assist him in pursuing a motion for a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) [DE 173], invoking retroactive Amendment 782 of the United States Sentencing Guidelines applicable to drug offenses. My ability to appoint counsel under the Criminal Justice Act to represent a defendant in such a matter has been called into question by several opinions of the Seventh Circuit Court of Appeals. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009). For the present, I will hold the motion for appointment of counsel in abeyance, construe it as a motion under §3582(c)(2), and proceed to consider the defendant's eligibility for a sentence reduction without assistance of counsel for the defendant. In the event that the issues become thorny, I may attempt to recruit counsel to represent the defendant. In the meantime, the Probation Office will be directed to analyze the matter and produce a court-ordered report addressing how the retroactive guidelines amendment may or may not affect the defendant's sentence. The government will be given an opportunity to respond, and the defendant an opportunity to reply.

Even if a sentence reduction is available to the defendant, the new subsection §1B1.10(e) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is **November 1, 2015 or later**." (Emphasis added.) This means that November 1, 2015 is the earliest possible date on which a defendant could be released from custody based on a sentence reduction under the new retroactive guidelines.

ACCORDINGLY:

The Probation Office is directed to prepare and file within 30 days a court-ordered report indicating whether or not Amendment 782 impacts the Sentencing Guidelines computation applicable to the defendant's sentence. Where the amendment does not apply, the report shall explain why not. Where the amendment does impact the computation, the report should set forth the following:

1. The original sentencing guideline range;

2. The new sentencing guideline range calculated under the amended Guidelines;

3. The term of imprisonment imposed in the original sentence;

4. Whether the sentence imposed included a reduction under U.S.S.G. § 5K1.1;

5. Whether the sentence imposed represented a variance from the then-existing applicable guideline range under 18 U.S.C. § 3553(a); and

6. Any information regarding public safety considerations and the defendant's post-sentencing conduct while incarcerated that may affect the disposition of the defendant's petition for a reduction of sentence.

The Probation Office shall provide a copy of the report to defendant at the institutional address from which he filed his pending request concerning a sentence reduction.

The government shall file a response to the defendant's request for resentencing within 14 days after receipt of the report, and shall serve a copy on defendant at his institutional address.

Defendant may file a reply brief within 14 days after receipt of the government's response.

The Clerk shall provide a copy of this order to the defendant at the institutional address from which he filed his pending request.

SO ORDERED this 9th day of February, 2015.


   /s/ Philip P. Simon

**Philip P. Simon**
**Chief Judge**
**United States District Court**